EDWARD G. SCHLOSS CA Bar No. 102858
LIOR KATZ | CA BAR No. 284559
LANCE R. KAUFMAN | CA Bar No. 309186
3637 Motor Avenue, Suite 220
Los Angeles, California 90034
Tel: (310) 733-4488 | Fax: (310) 836-4888
B26203/gm

Attorneys for Movant
BAYVIEW LOAN SERVICING, LLC

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ERICK LAMONT FENTRESS and<br>OLIVIA MARIE FENTRESS,<br><br>Debtors. | Bk. No. 16-04567-LT13<br><br>R.S. No. EGS-1<br><br>Chapter 13<br><br>NOTICE OF LODGMENT OF PROPOSED ORDER MODIFYING AUTOMATIC STAY AND GRANTING ADEQUATE PROTECTION<br><br>Honorable Laura S. Taylor |

PLEASE TAKE NOTICE that the proposed <u>ORDER MODIFYING AUTOMATIC STAY AND GRANTING ADEQUATE PROTECTION</u> attached hereto as **Exhibit "A"** has been lodged with the United States Bankruptcy Court, Southern District of California.

You are notified that you have seven (7) calendar days from the date of service of this Notice and Order within which to file and serve objections to the form and substance of the pleadings and/or serve alternative pleadings if desired.

DATED: July 28, 2017                    EDWARD G. SCHLOSS

                                          By   /s/ *Edward G. Schloss*
                                          EDWARD G. SCHLOSS
                                          Attorney for Secured Creditor

# Exhibit "A"

CSD 1159C [11/15/04]
Name, Address, Telephone No. & I.D. No.
EDWARD G. SCHLOSS CA BAR NO. 102858
LIOR KATZ | CA Bar No. 284559
LANCE KAUFMAN | CA Bar No. 309186
3637 MOTOR AVENUE, SUITE 220
LOS ANGELES, CA 90034
TEL: (310) 733-4488 FAX: (310) 836-4888
B26203/lr

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re
ERICK LAMONT FENTRESS aka ERICK FENTRESS and
OLIVIA MARIE FENTRESS aka OLIVIA FENTRESS,
                                              Debtor.

BANKRUPTCY NO. 16-04567-LT13

**LODGED**

BAYVIEW LOAN SERVICING, LLC,
                                      Movant(s)

RS NO. EGS-1

ERICK LAMONT FENTRESS and
OLIVIA MARIE FENTRESS;
DAVID L. SKELTON, Trustee,    Respondent(s)

Date of Hearing: July 25, 2017
Time of Hearing: 2:00 p.m.
Name of Judge: Laura S. Taylor

# ORDER MODIFYING AUTOMATIC STAY AND GRANTING ADEQUATE PROTECTION

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2) through __4__ with exhibits, if any, for a total of __4__ pages, is granted. Notice of Lodgment Docket Entry No. ____

//

//

//

//

DATED:

Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under Fed. R. of Bankr. P. 9011 that the relief in the order is the relief granted by the court.

Submitted by:

___EDWARD G. SCHLOSS___
(Firm name)

By:___/s/ Edward G. Schloss___
   Attorney for [X] Movant  [ ] Respondent

CSD 1159C

Movant's Motion for Relief from Automatic Stay filed on June 29, 2017, as docket no. 29 ("Motion"), came on for hearing before the Honorable Laura S. Taylor, United States Bankruptcy Judge, on July 25, 2017 at 2:00 p.m. Thomas B. Gorrill specially appeared on behalf of Movant's counsel of record, Edward G. Schloss. Jorge Halperin appeared on behalf of the Debtors.

The Court, having reviewed and considered the Motion and Declaration in Support and Debtors' Opposition (filed on July 12, 2017, as docket no. 32), and the arguments set forth on the record, and with good cause appearing therefor, makes its Order as follows:

WHEREAS Movant holds the first trust deed on Debtors' real property generally described as **4274 Manzanita Drive, San Diego, CA 92105** ("subject property"), which is Debtors' *principal residence*.

WHEREAS Movant filed a Motion for Relief from the Automatic Stay on June 29, 2017, as docket no. 29 ("Motion"), which provides that Debtors were due and owing for **ten (10)** *post-petition* monthly mortgage payments, including **eight (8)** *post-petition* monthly mortgage payments for the months of **August 2016** through and including **March 2017** in the amount of **$974.99** *each*, and **two (2)** *post-petition* monthly mortgage payments for the months of **April 2017** through and including **May 2017** in the amount of **$986.46** *each*. Debtors were also due for **$66.00** in property inspection fees and **$1,731.00** in attorney's fees and costs related to the Motion. Less $1,000.00 in suspense, the total post-petition default pursuant to the Motion, as of May 4, 2017, was **$10,569.84**. The monthly mortgage payment for the months of **June 2017** and **July 2017** in the amount of **$986.46** *each* had also come due since the Motion was filed. As a result, the total post-petition default as of the hearing on the Motion was **$12,542.76**.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Debtors shall cure a portion of the *post-petition* arrears of **$12,542.76** by tendering one (1) payment in the amount of **$987.00** by way of cashier's check, no later than August 15, 2017, which will be applied towards the cure of the **July 2017** *post-petition* monthly mortgage payment. Said payment in the amount of **$987.00**, shall be made payable and delivered directly to Movant located at: Bayview Loan Servicing, LLC, Attn: Cashiering Department, 4425 Ponce De Leon Blvd., 5th Floor, Coral Gables, Florida 33416 (loan # 1054656).

IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED that Debtors shall also cure a portion of the *post-petition* arrears of **$12,542.76** by tendering one (1) payment in the amount of **$3,000.00** by way of cashier's check, no later than August 15, 2017. Said payment in the amount of **$3,000.00**, shall be made payable and delivered directly to Movant located at: Bayview Loan Servicing, LLC, Attn: Cashiering Department, 4425 Ponce De Leon Blvd., 5th Floor, Coral Gables, Florida 33416 (loan # 1054656).

IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED that Debtors shall cure the remaining

*post-petition* arrears of **$8,555.76** over a period of twelve (12) months in twelve (12) monthly installment payments in the amount of **$712.98** *each,* commencing **August 15, 2017** and then continuing on the fifteenth (15th) day of each month thereafter, over a period of twelve (12) months, until July 15, 2018, or until said remaining default of **$8,555.76** is paid in full. Said monthly installment payments of **$712.98** *each* shall be made payable and delivered directly to Movant located at: Bayview Loan Servicing, LLC, Attn: Cashiering Department, 4425 Ponce De Leon Blvd., 5th Floor, Coral Gables, Florida 33416 (loan # 1054656).

IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED that commencing **August 1, 2017** and on the first (1st) day of each month thereafter, Debtors shall maintain regular monthly post-petition payments, currently in the amount of **$986.46** *each*, on Movant's <u>first</u> trust deed loan encumbering the subject property in a timely fashion. The amount of these payments may be subject to change under the terms of the parties' original loan agreements. Said mortgage payments currently in the amount of **$986.46** *each* shall be made payable and delivered directly to Movant located at: Bayview Loan Servicing, LLC, Attn: Cashiering Department, 4425 Ponce De Leon Blvd., 5th Floor, Coral Gables, Florida 33416 (loan # 1054656).

IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED that any regular post-petition monthly payment received after the 15th day of the month shall incur a late charge, and that to the extent the regular monthly payments are not impounded for taxes and/or insurance, Debtors shall maintain and keep current any taxes and/or insurance for the subject property.

IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED that in the event Debtors fail to timely and properly tender any of the payments after any applicable grace period, or fails to maintain taxes and/or insurance, then Movant may serve a Ten (10) Day Declaration Re: Breach of Condition upon the Debtors and Debtors' counsel by first class mail, postage prepaid. If the missed payment is not received by way of a bearer instrument (cashier's check, money order, etc.), or the insurance premium or tax installment is not paid, within ten (10) days of the date of service <u>by mail</u> of said declaration, then, on the eleventh (11th) day, the automatic stay shall be immediately vacated and extinguished for all purposes with respect to Movant, its assignees and/or successors in interest, without further court order or proceeding being necessary.

IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED that in the event the Debtors fail to timely cure any existing breach within ten (10) days, then upon seventy-two (72) hours' advance notice to Debtors' counsel, Movant may submit to the Court an Ex Parte Application for Order Granting Relief from Automatic Stay together with a Declaration in Support Thereof. The seventy-two (72) hours advance notice period shall not be additional time for the Debtors to cure the existing breach. The only issue that may be raised in defense of said ex parte application is whether, in fact, payments were timely tendered.

IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED that in the event Debtors fail to timely cure any existing breach within ten (10) days from the date of service as set forth above in the preceding paragraph, then upon seventy-two (72) hours advance notice to Debtors' counsel, Movant may submit to the Court an Ex Parte Application for Order Granting Relief from Automatic Stay together with a Declaration in Support Thereof. The seventy-two (72) hours advance notice period shall not be additional time for the Debtors to cure the existing breach. The only issue that may be raised in defense of said ex parte application is whether, in fact, payments were timely tendered.

IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED if Movant obtains relief from stay based on Debtors' defaults hereunder, said relief from the automatic stay will include a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

Z:\LAW FILES\orders\SD13BLS.Fentress.ORD.APO.CONTESTED.B26203.wpd

CSD 1159C [11/15/04](Page 4)
ORDER ON MOTION FOR RELIEF FROM THE AUTOMATIC STAY
DEBTORS: ERICK FENTRESS and OLIVIA MARIE FENTRESS            NO: 16-04567-LT13
                                                             RS NO.: EGS-1

CSD 1159C

| | |
|---|---|
| 1 | <u>PROOF OF SERVICE</u> |
| 2 | I, REYNALDO DEL PILAR, certify that: |
| 3 | I am a resident of Los Angeles County, I am over the age of 18 and not a party to the within |
| 4 | action; my business address is 3637 Motor Ave., Suite 220, Los Angeles, CA 90034. |
| 5 | On July 28, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary |
| 6 | proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive |
| 7 | NEF transmission, and the foregoing document, NOTICE OF LODGMENT OF |
| 8 | PROPOSED ORDER MODIFYING AUTOMATIC STAY AND GRANTING ADEQUATE |
| 9 | PROTECTION, will be served by NEF at the email addresses stated below: |

<u>Debtors' Attorney</u>: Jorge Halperin    jorge@halperinatlaw.com, r45094@notify.bestcase.com
<u>Chapter 13 Trustee</u>: Thomas H. Billingslea    Billingslea@thb.coxatwork.com
<u>U.S. Trustee</u>: United States Trustee    ustp.region15@usdoj.gov

On July 28, 2017, I served the within foregoing document on interested

parties in this proceeding by placing a true and correct copy thereof enclosed in a sealed envelope with

postage pre-paid in the United States Mail at Los Angeles, California addressed as follows:

DEBTORS:
ERICK LAMONT FENTRESS
OLIVIA MARIE FENTRESS
4274 MANZANITA DRIVE
SAN DIEGO, CA 92105

I declare that I am employed in the office of a member of the bar at whose direction the service

was made.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on July 28, 2017, 2014 at Los Angeles, California.

                                                                  /s/ Reynaldo Del Pilar
                                                                   REYNALDO DEL PILAR

Z:\LAW FILES\OPP\NOT\SD.NoticeofLODGEMENT.Fentress.B26203.wpd